UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI,<br><br>        Plaintiff,<br><br>    v.<br><br>NADYA JAWAD, et al.,<br><br>        Defendants. | CASE NO. 1:16-cv-00879-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff Hussein Ali proceeds pro se and in forma pauperis in this complaint against Defendants Nadya Jawad, Fawzi Sood, Jamal Taha, and Nasr Jawa for "aiding and abetting," conversion, and defamation.

**I.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are

legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff's allegations may be summarized essentially as follows.

Plaintiff gave $22,000 cash to non-party Najeh Jawad under the assumption the funds were a loan. The loan was not paid back. According to Plaintiff, Defendants conspired with Najeh Jawad to defraud Plaintiff out of the money by receiving the funds from Jawad. This conspiracy to defraud occurred from December 2009 through January 2013. Additionally, from October 2013 to October 2015, Defendants defamed Plaintiff by accusing Plaintiff of being involved in illegal activities and stating he was dishonest and professionally incompetent.

**IV.     Analysis**

   **A.     Lack of Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, such cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

   **1.     Diversity Jurisdiction**

28 U.S.C. § 1332(a)(1) grants federal district courts original jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. To show state citizenship for the purposes of the statute, a party must be a citizen of the United States and be domiciled in the state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Here, Plaintiff alleges that he and all of the Defendants reside in California. There are no facts to suggest any party is domiciled in another state, and thus there are no facts to suggest diversity of citizenship.

Based on the foregoing the Court lacks diversity jurisdiction over Plaintiff's claims.

   **2.     Federal Question Jurisdiction**

Under federal question jurisdiction, district courts are authorized to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action can "arise under" federal law in two

ways. Gunn v. Minton, -- U.S. --, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013). Most directly, "a case arises under federal law when federal law creates the cause of action asserted." Id. If, however, a claim finds its origins in state rather than federal law, federal jurisdiction will lie only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.; see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Plaintiff's claims for "aiding and abetting," conversion and defamation appear to arise only under state law and do not raise a federal issue. It is possible that Plaintiff intends to pursue a cause of action for conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO). However, such a claim is not expressly pled and, in any event, the allegations are insufficient to state a RICO claim for the reasons stated below.

Accordingly, the Court finds no basis for federal question jurisdiction.

**B. RICO**

Although not expressly pled, Plaintiff may intend to invoke federal jurisdiction by alleging a claim under RICO. To state a RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property. Sanford v. Memberworks, Inc., 625 F.3d 550, 557 (9th Cir. 2010); Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008); Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996). The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." Chang v. Chen, 80 F.3d 1293, 1300-01 (9th Cir. 1996); see also Odom v. Microsoft Corp., 486 F.3d 541, 549 (9th Cir. 2007) (quoting United States v. Turkette, 452 U.S. 576, 583 (1981)). A "pattern of racketeering activity" means at least two criminal acts enumerated by statute. 18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud). These so-called

4

"predicate acts" under RICO must be alleged with specificity in compliance with Federal Rule of Civil Procedure 9(b). <u>Schreiber Distrib. Co. v. Serv–Well Furniture Co.</u>, 806 F.2d 1393, 1400–01 (9th Cir. 2004); see also <u>Lancaster Community Hospital v. Antelope Valley Hospital Dist.</u>, 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392-93 (9th Cir. 1988); <u>Pineda v. Saxon Mortgage Services</u>, No. SACV 08–1187 JVS, 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions" in pleading a RICO claim but rather, plaintiff must give each defendant notice of the particular predicate act it participated in and must allege each predicate act with specificity).

Here, Plaintiff has failed to plead any predicate acts with particularity. He does not explain how the Defendants participated in a conspiracy to defraud him of funds, nor does he allege any "pattern of racketeering activity" arising from any criminal acts enumerated by statute. He alleges only that Defendants received funds from Najeh Jawad. This allegation falls far short of the heightened pleading requirements applicable to fraud claims under Rule 9(b).

Accordingly, to the extent Plaintiff's complaint can be construed as intending to state a cause of action under RICO, this claim will be dismissed as well.

**C.    Leave to Amend**

In general, a pro se Plaintiff is entitled to leave to amend unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice and futility." <u>Cal. Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1276, 1293 (9th Cir. 1983); <u>Lockman Found. v. Evangelical Alliance Mission</u>, 930

F.2d 764, 772 (9th Cir. 1991).

In considering whether Plaintiff should be afforded leave to amend, the Court takes judicial notice of Ali v. Jawad Co., Inc., No. 1:16-cv-00409-DAD-EPG, 2017 WL 117859 (E.D. Cal. Jan. 11, 2017). Therein, Plaintiff raised substantially the same allegations as those presented here, but against different defendants. Id. at *1-2. His claims for conversion, defamation, negligence, intentional infliction of willful misconduct, and intentional infliction of emotion distress were barred under res judicata based on the ruling of the Fresno County Superior Court in Ali v. Najeh Jawad, Case No. 14(ECG03594). His state law fraud claim and RICO claim were dismissed on the ground that the allegations were vague, conclusory, and altogether insufficient. Jawad Co. at *6-7.

The Court denied Plaintiff the opportunity to amend further, stating,

> Here, the pro se plaintiff has engaged in a pattern of repeated filing of piecemeal complaints—changing the claims alleged and adding to or subtracting from the various defendants named—as well as moving from court to court with essentially the same allegations. This conduct raises a serious question as to whether plaintiff is proceeding in this action in bad faith. Indeed, as indicated at the hearing on this motion, there would appear to be factual support for the declaring of plaintiff a vexatious litigant. Plaintiff was explicitly warned by the Fresno County Superior Court that he would be given one last opportunity to amend his complaint before he voluntarily dismissed that action and instead proceeded thereafter to file multiple, closely related, actions in federal court. After one surety defendant in this action had been dismissed by the court applying res judicata principles and the remaining surety defendants had filed motions to dismiss on the same grounds, plaintiff voluntarily dismissed those defendants and filed a new action in this court against the same surety defendants that he had just voluntarily dismissed. Moreover, in that new action against the surety defendants, plaintiff alleged the same facts as he had alleged in the prior federal court action. As the assigned magistrate judge and the undersigned concluded in that action plaintiff's complaint was "not filed in good faith and has been filed to delay proceedings and harass the Defendants." Ali v. Hudson Insurance Co., et al., No. 1:16-cv-01743-DAD-EPG, Doc. No.

6

> 4 at 3 and Doc. No. 6 at 1. In addition, the sole claim that the Fresno County Superior Court had found cognizable, the breach of contract claim against Najeh Jawad, has not yet been alleged by plaintiff in any of the actions plaintiff has subsequently initiated in federal court. Based upon all these circumstances, the court finds that plaintiff is proceeding in bad faith in this action, unduly delaying the proceedings, and prejudicing the opposing parties by filing multiple related complaints in various courts, subsequently voluntary dismissing his claims when it appears that dismissal without leave to amend is imminent, and by declining to file a complaint containing his sole claim that any court has found to be cognizable.

Id. at *8.

The Court also noted that further leave to amend appeared futile, given that Plaintiff had been advised of applicable pleading standards in both state and federal court, but nonetheless had failed to present allegations with sufficient specificity to plead a cognizable claim. Id.

The Court concludes that these same factors weigh against leave to amend in the instant action. The instant case is one of a series of cases the Court has previously found to be filed in bad faith. Id at *8. And, the allegations are as conclusory and vague as those alleged in Plaintiff's other actions. Nothing before the Court suggests that Plaintiff could plead sufficient facts to support a claim that would confer jurisdiction on the Court. The complaint should be dismissed without leave to amend.

## V.    **Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint (ECF No. 1) be dismissed with prejudice and without further leave to amend due to Plaintiff's failure to state a cognizable claim that would confer jurisdiction on the Court.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned

"Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 14, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE